UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXIS JUARES,

                Plaintiff,

-against-

ODYSSEY HOUSE NYC INC.; SHATEEK BILAL; OFFICE OF ADDICTION SERVICES AND SUPPORTS,

                Defendants.

24-CV-6824 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his constitutional rights under 42 U.S.C. § 1983. By order dated November 26, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, with 30 days' leave to file an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against Odyssey House NYC Inc. ("Odyssey House"); Shateek Bilal, Plaintiff's Odyssey House counselor; and the New York State Office of Addiction Services and Supports ("OASAS"). The following facts are drawn from the complaint.[1] On August 13, 2024, Bilal "alleged that plainti[ff] deviated and did not attend an acting class at 65 Broadway N.Y. N.Y. 10005." (ECF 1, at 4.) In fact, an investigation revealed that Plaintiff did attend the class "and signed the attendance sheet." (*Id.*) Bilal then "prepared a behavioral mandate

---

[1] The Court quotes from Plaintiff's complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise noted.

agreement against plaintiff . . . who is serving a court mandate[.]" (*Id.*) Bilal also "attempted to coerce supporting statements from two other clients." (*Id.*) Bilal's conduct "had a negative effect on plaintiff's mandate," including "the extension of his mandate." (*Id.* at 4, 5.)

Plaintiff contends that "OASAS as the regulating authority of services for the State of New York empowered Odyssey House . . . to provide addiction services . . . [and that] Bilal's actions render him and all defendants liable." (*Id.* at 4.)

Plaintiff seeks $40,000,000 in damages.

## DISCUSSION

A.    **Odyssey House and Shateek Bilal**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

The activity of a private entity may be considered state action for the purpose of Section 1983 liability when the entity willfully participates in joint activity with a state actor. *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (citation omitted). Such joint activity requires that a state actor be involved "'with the *activity that caused the injury*' giving rise to the action." *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257–58 (2d Cir. 2008) (quoting *Schlein v. Milford Hospital, Inc.*, 561 F.2d 427, 428 (2d Cir. 1977) (internal quotation marks and citation omitted) (emphases added in *Sybalski*).

3

Plaintiff sues Odyssey House, a private entity, and an Odyssey House counselor, Bilal. Because these defendants are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983. Although Plaintiff alleges that Bilal's conduct resulted in an extension of Plaintiff's court order mandate, Plaintiff does not state any facts supporting the inference that a state actor and Bilal acted jointly in causing Plaintiff's mandate to be extended. For example, the complaint does not suggest that any state actor advocated for the extension of Plaintiff's court order mandate. *See, e.g.*, *Ford v. Miller*, No. 18-CV-1815 (PAE) (BCM), 2019 WL 6831640, at *12 (S.D.N.Y. Aug. 23, 2019) (concluding that conduct of Odyssey House employee satisfied joint action test where employee and state actors jointly decided that the plaintiff should be removed from an Odyssey House operated program contracted with OASAS), *report and recommendation adopted*, No. 18-CV-1815 (PAE), 2019 WL 4673445 (S.D.N.Y. Sept. 25, 2019). The Court therefore dismisses Plaintiff's claims against Odyssey House and Bilal for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(b)(ii).

**B.        Office of Addiction Services and Supports**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims OASAS, which is

an arm of the State of New York, are therefore barred by the Eleventh Amendment and are dismissed.

**C.     Claims under state law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because the Court cannot say at this stage that amendment would be futile, the Court grants Plaintiff 30 days' leave to amend his complaint cure the deficiencies identified above. Should Plaintiff file an amended complaint, he must state enough facts to support the inference that Odyssey House and/or Bilal worked jointly with a state employee.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court denies Plaintiff's application for the court to request *pro bono* counsel without prejudice to renewal at a later date. (ECF 3.)

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   May 28, 2025
         New York, New York

                                               _____Louis L. Stanton_____
                                                   Louis L. Stanton
                                                       U.S.D.J.